{¶ 30} I must respectfully dissent from the majority herein. The majority bases its conclusion that counsel was not ineffective upon the suggestion that in spite of the stipulation of all of the essential elements of the offense of vehicular homicide, that these stipulations did not amount to a guilty plea because the state was still required to prove that the appellant's driving under the influence proximately caused the decedent's death. This construction is specious.
 {¶ 31} Counsel stipulated that Appellant was driving the vehicle that collided with the decedent; that the collision caused the death; and that Appellant's blood-alcohol content exceeded the legal limit. The majority suggests that the trial court could still have found that Appellant's speed was the factor that caused the decedent's death; not her driving with a blood-alcohol content of .157. This theory, however, would only be available if the defense had also challenged the BAC test results. Once the state established, through the stipulations alone, that Appellant was driving with a prohibited concentration of alcohol, that she collided with the decedent, and that the collision caused the death, the offense of aggravated vehicular homicide is complete. While Appellant's speed might have been an additional cause, it could not be the sole cause of decedent's death in light of the stipulations. The flaw in the majority's analysis is borne out by a review of the transcript, which demonstrates that there was no additional independent evidence of causation presented to the trial court, other than a deputy sheriff who testified that her speed was a contributing factor.
 {¶ 32} I would find that when counsel stipulates all of the essential elements of a crime necessary to establish his client's guilt, in spite of the client's not guilty plea, and without the client's consent, that due process has been violated and that counsel has per se provided ineffective assistance regardless of the weight of the evidence against the defendant, and despite the merits of an "honest approach" strategy. Brown v. Rice
(W.D.N.C. 1988), 693 F. Supp. 381, 396-397. Francis v.Spraggins (11th Cir. 1983), 720 F.2d 1190. Wiley v.Sowders (6th Cir. 1981), 647 F.2d 642.